**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| RICHARD LAMBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: N17C-02-162 EMD |
| | ) | |
| 24.7 FITNESS STUDIO, LLC and | ) | |
| DGYMS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Submitted: February 16, 2018
Decided: May 29, 2018

*Upon Defendant DGYMS, LLC's Revised Motion to Dismiss,*
***DENIED.***

**DAVIS, J.**

## I. INTRODUCTION

This is a civil action based on a claim of negligence. Plaintiff Richard Lambert was exercising at a Club Fitness gym located at 650 South Bay Road, Suite 18, Dover, Delaware 19901 (the "Club Fitness"). While using the shower at Club Fitness, Mr. Lambert slip and fell sustaining injuries. Mr. Lambert contacted Club Fitness for their insurance information. Club Fitness provided the incorrect insurance carrier information.

Mr. Lambert did not receive any response from the insurance carrier and filed suit against Defendant 24.7 Fitness Studio, LLC ("24.7 Fitness"). Mr. Lambert received a default judgment against 24.7 Fitness and forwarded the default to a manager at Club Fitness. Then, a processor for Club Fitness' insurance company, notified Mr. Lambert that Defendant DGYMS, LLC ("DGYMS"), and not 24.7 Fitness, owned Club Fitness.

Mr. Lambert amended the complaint to include DGYMS. The amendment occurred outside the statute of limitations. DGYMS filed their Revised Motion to Dismiss of Defendant DGYMS LLC (the "Motion"). Mr. Lambert filed an Opposition to Motion for Dismiss (the "Opposition"). DGYMS filed a Reply Brief of Defendant DGYMS LLC in Support of its Motion to Dismiss (the "Reply").

For the reasons discussed below, the Court **DENIES** the Motion.

## II. RELEVANT FACTS[1]

On March 12, 2015, Mr. Lambert was at Club Fitness.[2] Mr. Lambert slipped and fell sustaining injuries while using the gym's shower.[3] Mr. Lambert states that on the day of the injury, he contacted the morning manager and filled out an incident report before going to the emergency room.[4]

On March 16, 2015, Mr. Lambert called the gym and spoke to an employee.[5] During the discussion, Mr. Lambert asked that the employee to have the manager call him back.[6] Later that day, the manager told Mr. Lambert she would email the insurance information to him.[7] Mr. Lambert did not receive the information and called the gym again on March 19, 2015.[8] Again, Club Fitness did not send Mr. Lambert the insurance information. On April 27, 2015, Mr. Lambert's counsel sent a letter to Club Fitness.[9] The letter notified Club Fitness that Mr.

---

[1] Unless otherwise indicated, the facts contained in this decision are the facts as alleged in the Amended Complaint (as defined below). For purposes of the Motion, the Court must view all well-pleaded facts alleged in the Complaint as true and in a light most favorable to the Heyman Defendants. *See, e.g., Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 27 A.3d 531, 536 (Del. 2011); *Doe v. Cedars Acad., LLC*, C.A. No. 09C-09-136 JRS, 2010 WL 5825343, at *3 (Del. Super. Oct. 27, 2010).

[2] Am. Compl. ¶ 4.

[3] *Id*. ¶ 5-6.

[4] Opp., Ex. A, the "Lambert Aff'd ¶ __."

[5] Lambert Aff'd ¶ 3.

[6] Lambert Aff'd ¶ 3.

[7] Lambert Aff'd ¶ 4.

[8] Lambert Aff'd ¶ 5.

[9] Opp. ¶ 7; Opp., Ex. B.

Lambert retained counsel and requested insurance information.[10]  Mr. Lambert's counsel did not

receive any response from Club Fitness.[11]  Eventually, Julie Swisher[12] from Club Fitness

contacted Mr. Lambert and informed him "that the insurance carrier was Hartford and that the

claim number was 76WEGEP9573."[13]

On January 10, 2017, Mr. Lambert sent a demand letter to Hartford with the claim

number provided by Club Fitness.[14]  Mr. Lambert did not receive any response to the letter.[15]

On February 20, 2017, Mr. Lambert filed suit against 24.7 Fitness.  On March 22, 2017,

the Sheriff's officer served 24.7 Fitness' registered agent.[16]  On May 30, 2017, Mr. Lambert filed

a Motion for Entry of Default Judgment.[17]  The Court granted the motion for default judgment

on June 12, 2017.[18]

Mr. Lambert sent a letter dated September 27, 2017 to Julie Swisher at Club Fitness.[19]

Ms. Swisher forwarded the letter to Crosswalk Claims.[20]  On or about October 11, 2017,

Crosswalk Claims sent Mr. Lambert a letter indicating that 24.7 Fitness does not own the Club

Fitness.[21]  The letter informed Mr. Lambert that DGYMS owns the Club Fitness where Mr.

Lambert sustained his injuries.[22]

---

[10] Opp. ¶ 7; Opp., Ex. B.
[11] Opp. ¶ 7.
[12] Julie Swisher was a manager at Club Fitness at the time of the injury.  Mr. Lambert notes that he talked to Julie Fisher, the manager, in his affidavit.  This appears to be a mistake.
[13] Lambert Aff'd ¶ 6.
[14] Opp. ¶ 9; Opp., Ex. C.
[15] Opp. ¶ 9.
[16] D.I. 3.
[17] D.I. 5.
[18] D.I. 7.
[19] Mot. ¶ 5.
[20] *Id.*
[21] Opp., Ex. E. The letter is dated April 25, 2016.  This appears to be a mistake.  Particularly because the letter references another communication made on September 27, 2017.  The top of the letter indicates that it was faxed on October 11, 2017.
[22] Opp., Ex. E.

Lisa Lawson, the owner of Club Fitness, was not aware that Mr. Lambert made a claim that he was injured while at Club Fitness.[23] Ms. Lawson states that she did not become aware of the alleged injury until she received the September 27, 2017 letter from Mr. Lambert's counsel.[24] Ms. Lawson spoke with Mark DiDonato, the manager on duty the morning of the injury. Mr. DiDonato "never told [Ms. Lawson] that plaintiff had sustained an injury or that he was making a claim."[25] Ms. Lawson also spoke with Julie Swisher. Ms. Swisher did not remember the incident occurring, but stated that if she was informed something happened she would have filled out an incident report.[26] Ms. Lawson checked the records and did not find an incident report.[27]

Kathy Owens is the Senior Vice President of London Market Claims for Crosswalk Claims Management, LLC ("Crosswalk Claims").[28] Crosswalk Claims is "the Third Party Administrator for Certain Underwriters at Lloyd's, the insurer of DGYMS, LLC dba Club Fitness."[29] Ms. Owens states that no one "at Crosswalk Claims Management or Certain Underwriters at Lloyds was aware of Plaintiffs claim or this lawsuit until DGYMS LLC forwarded to her a letter dated September 27, 2017 . . ."[30] After receiving the September 27 Letter, Ms. Owens telephoned Mr. Lambert's counsel and advised him that neither the owner of the gym or the insurer for the gym knew about the lawsuit until receipt of the September 27 Letter.[31]

On November 6, 2017, Mr. Lambert filed an amended complaint (the "Amended Complaint") to include DGYMS as a defendant in this case.

---

[23] Mot., Ex. A. "Lawson Aff'd ¶ __."
[24] Lawson Aff'd ¶ 2.
[25] Lawson Aff'd ¶ 3.
[26] Lawson Aff'd ¶ 4.
[27] Lawson Aff'd ¶ 4.
[28] Mot., Ex. B. "Owens Aff'd ¶ __."
[29] Opp., Ex. E.
[30] Owens Aff'd ¶ 3.
[31] Owens Aff'd ¶ 4.

On February 1, 2018, DGYMS filed the Motion. On February 16, 2018, Mr. Lambert filed the Opposition. On February 20, 2018, DGYMS filed the Reply.

## III. PARTIES' CONTENTIONS

### A. THE MOTION AND REPLY

In the Motion, DGYMS basically makes two arguments: (i) that the statute of limitations has run; and (ii) that Mr. Lambert cannot rely on 18 *Del. C.* § 3914 ("Section 3914") to toll the statute of limitations. DGYMS claims that, because DGYMS and its insurer did not have any notice prior to expiration of the statute of limitations, there was no requirement for the insurer to notify Mr. Lambert. In the Reply, DGYMS also contends that Mr. Lambert cannot rely on Superior Court Civil Rule of Procedure 15(c) ("Rule 15(c)") because Mr. Lambert sued the wrong entity and DGYMS and its insurer did not have notice of the lawsuit.

### B. THE OPPOSITION

Mr. Lambert argues that Section 3914 applies in this case. Mr. Lambert observes that he put Club Fitness on notice the day of the fall. Further, Mr. Lambert contacted Club Fitness multiple times until Club Fitness provided their insurance information—the incorrect insurance carrier. Then, Mr. Lambert contacted the insurance company, but did not receive any response. After the statute limitations ran, Mr. Lambert received information from Club Fitness' insurance underwriter. The letter informed Mr. Lambert that DGYMS, and not 24.7 Fitness, owned Club Fitness. On these facts, Mr. Lambert contends that the statute of limitations is tolled under Section 3914. Further, Mr. Lambert claims that the amendment adding DGYMS as a party relates back to the original filing in this case under Rule 15(c).

# IV. DISCUSSION

Upon a motion to dismiss, the Court (i) accepts all well-pleaded factual allegations as true, (ii) accepts even vague allegations as well-pleaded if they give the opposing party notice of the claim, (iii) draws all reasonable inferences in favor of the non-moving party, and (iv) only dismisses a case where the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances.[32] However, the court must "ignore conclusory allegations that lack specific supporting factual allegations."[33]

## A. THE CLAIM AGAINST DGYMS DOES NOT RELATE BACK TO THE ORIGINAL COMPLAINT UNDER RULE 15(C)

Superior Court Civil Rule 15(c) allows an amendment that adds a party to relate back to an earlier filing. If a plaintiff changes a defendant or adds a defendant, the claim may relate back if "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading" and if

> the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision . . . is satisfied and, *within the period provided by statute or these Rules for service of the summons and complaint*, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.[34]

Rule 15(c) requires that a plaintiff amend the complaint to include the new defendant within 120 days from the expiration of the statute of limitations.[35]

Mr. Lambert amended the complaint to include DGYMS nearly eight months after the expiration of the statute of limitation—well after the 120-day grace period. DGYMS did not

---

[32] *See Central Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 227 A.3d 531, 536 (Del. 2011); *Doe v. Cedars Academy,* 2010 WL 5825343, at *3 (Del. Super. Oct. 27, 2010).
[33] *Ramunno v. Crawley,* 705 A.2d 1029, 1034 (Del. 1998).
[34] Del. Super. Ct. Civ. R. 15 (emphasis added).
[35] *See Walker v. Handler*, 2010 WL 4703403 (Del. Super. Nov. 17, 2010).

6

have notice of the lawsuit until September 2017. Although DGYMS potentially had notice of the injury at Club Fitness, Rule 15(c) requires that the defendant have notice of the lawsuit and not just an injury or potential claim.[36] Further, 24.7 Fitness and DGYMS are not related entities.[37] As such, the Court finds that Rule 15(c) does not apply in this case.

**B.    DGYMS IS NOT BARRED FROM ASSERTING A STATUTE OF LIMITATIONS DEFENSE BASED ON SECTION 3914**

Plaintiffs in "slip and fall" cases are subject to a two year statute of limitations.[38] Delaware law requires insurers to notify plaintiffs if the statute of limitations is about to run. Section 3914 states: "An insurer shall be required during the pendency of any claim received pursuant to a casualty insurance policy to give prompt and timely written notice to claimant informing claimant of the applicable state's statute of limitations regarding action for his or her damages." However, the requirements of Section 3914 do not carry over to an insured unless the insured is a self-insured or in the business of insurance.[39] Further, a plaintiff is not required to notify the insurance company about a claim.[40]

A defendant is not required to provide notice under Section 3914 if the defendant is not an insurer or self-insurer. "Although the insurer may be estopped from asserting the statute of

---

[36] Notice of the action to a defendant under Rule 15(c) can only mean notice of the entire lawsuit.

> It seems clear to us that the Rule requirements are directed to both time and content; thus as to "time," notice must be given within the period provided by law for commencing the action—and that can only mean the limitations period; as to "content," the notice must be given of the "institution of the action," and that can only mean the lawsuit, not merely of a claim or allegation.

*See Mullen v. Alarmguard of Delmarva, Inc.*, 625 A.2d 258, 265 (Del. 1993).

[37] *See Walker v. Handler*, 2010 WL 4703403 (Del. Super. Nov. 17, 2010) ("For purposes of Rule 15(c), notice is satisfied when 'the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other.'").

[38] *Fraser v. G-Wilmington Associates L.P.*, 2017 WL 365500, at *2 (Del. Super. Jan. 24, 2017).

[39] *See LaFayette v. Christian*, 2012 WL 3608690, at *2-3 (Del. Super. Aug. 21, 2012); *Farm Fam. Ins. Co. v. Conectiv Power Delivery*, 2008 WL 2174411, at *3-4 (Del. Super. May 21, 2008) ("An insurer is 'every person engaged as principal and as indemnitor, surety or contractor in the business of entering into contracts of insurance.").

[40] *LaFayette*, 2012 WL 3608690, at *3.

limitations as an affirmative defense, the tortfeasor remains free to raise the defense. In other words, the failure of the insurer to provide notice [under Section 3914] does not affect the tortfeasor's entitlement to assert the statute of limitations as a defense."[41]

In this case, DGYMS is not an insurer. DGYMS is not in the business of selling insurance contracts; therefore, DGYMS is not barred from asserting a statute of limitations defense under Section 3914.[42]

DGYMS also argues that their insurance is an out-of-state insurance company; therefore, it is not bound by Section 3914. The Court rejects that argument. Out-of-state insurers may not be subject to Section 3914; however, such an insurer is not subject to Section 3914 only when the insurance contract does not cover liability in Delaware.[43] In this case, the insurance contract covers a gym located in Delaware.

C.    EQUITABLE TOLLING

Equitable tolling prevents a defendant from asserting a statute of limitations defense. [44] Delaware courts, including this Court, recognize "equitable tolling may apply: (1) where the defendant misled the plaintiff; (2) where the plaintiff was prevented from asserting his rights in some extraordinary way, and (3) where the plaintiff has timely asserted his rights mistakenly in the wrong forum."[45] "However, equitable tolling is not appropriate for 'garden variety claims of

---

[41] *LaFayette*, 2012 WL 3608690, at *3.

[42] The Court notes that this case creates a unique situation based on Club Fitness providing the incorrect insurance information. Section 3914 not only requires insurers to provide notice to insureds, but also to claimants. *Farm Fam. Ins. Co. v. Conectiv Power Delivery*, 2008 WL 2174411, at *4 (Del. Super. May 21, 2008). The public policy behind not requiring any notice from a tortfeasor and only from an insurance company is to make sure the "failure of the insurer to provide notice pursuant to Section 3914 does not affect the tortfeasor's entitlement to assert the statute of limitations as a defense." *See Ndieng v. Woodward*, 2012 WL 6915205, at *3 (Del. Super. Dec. 19, 2012). Had Club Fitness provided the incorrect insurance information to Mr. Lambert, the demand would have been timely made upon the correct insurance company.

[43] *See LaFayette v. Christian*, 2012 WL 3608690, at *2-3 (Del. Super. Aug. 21, 2012) ("The plain language of 18 *Del. C.* § 3901 makes clear that Section 3914's notice requirement extends only to 'contracts of casualty insurance covering subject's resident, located or to be performed in [Delaware].'").

[44] *See Owens v. Carman Ford, Inc.*, 2013 WL 5496821, at *2 (Del. Super. Sept. 20, 2013).

[45] *Id.,* at *3.

excusable neglect.'"[46] "Where the plaintiff has 'taken some action recognized as important by the statute before the end of the limitations period,' *i.e.* the diligent pursuit of his claim, the claim is not a 'garden variety claim[ ] of excusable neglect.'"[47] In the context of employment discrimination, the Third Circuit required a plaintiff to show that (1) the defendant actively misled the plaintiff, and (2) the deception causes the plaintiff's non-compliance with the statute of limitations.[48]

The Court finds, on the present record, that Club Fitness misled Mr. Lambert. Whether the misleading information was provided intentionally or accidently, the Court finds that tolling the statute of limitations is appropriate here.

Mr. Lambert actively pursued the claim against Club Fitness and 24.7 Fitness. Mr. Lambert was a business invitee of Club Fitness who fell while exiting the shower. Mr. Lambert stated that he informed the manager on duty that he fell at Club Fitness. Mr. Lambert made several attempts to obtain Club Fitness' insurance information. Mr. Lambert's counsel also sent a letter to Club Fitness notifying Club Fitness that Mr. Lambert retained counsel and requested insurance information from Club Fitness. Club Fitness provided incorrect insurance information to Mr. Lambert. Mr. Lambert made a demand upon Hartford including the claim number provided by Club Fitness. Mr. Lambert did not receive a response from the insurance company and timely filed suit against 24.7 Fitness.

24.7 Fitness did not answer the complaint. Mr. Lambert received a default judgment against 24.7 Fitness. After receiving a default judgment, Mr. Lambert sent a letter to Ms. Swisher, a manager at Club Fitness. Ms. Swisher forwarded the letter to Crosswalk Claims.

---

[46] *Id.* (quoting *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 95 (1990)).
[47] *Owens*, 2013 WL 5496821, at *3 (quoting
[48] *See Ruehl v. Viacom, Inc.*, 500 F.3d 375, 384-85 (3d Cir. 2007).

9

Then, Crosswalk Claims sent a letter to Mr. Lambert stating that 24.7 Fitness did not own Club Fitness at the time of the incident.

The Court finds that equitable tolling applies because Club Fitness misled Mr. Lambert. Although Mr. Lambert sued the wrong entity, it was Club Fitness' mistake of providing the incorrect information that caused Mr. Lambert to contact the incorrect insurance company. Had Club Fitness provided correct insurance information to Mr. Lambert, Mr. Lambert's demand would have been timely made upon Crosswalk Claims or Certain Underwriters at Lloyd's. With a timely demand upon the correct insurance company, Crosswalk Claims would have been required to notify Mr. Lambert that the statute of limitations was about to expire against DGYMS. This would have given Mr. Lambert the opportunity to timely amend the complaint to include the correct defendant. Further, it took Mr. Lambert and his counsel several attempts to get the insurance information from Club Fitness, which turned out to be the incorrect insurance company.

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** the Motion.

**IT IS SO ORDERED**.

Dated: May 29, 2018
Wilmington, Delaware

/s/ Eric M. Davis
Eric M. Davis, Judge